[Crim. No. 9340. Second Dist., Div. Four. Dec. 30, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. LLEWELLYN
J. DELANEY, Defendant and Appellant.

Stuart I. Barth, under appointment by the District Court
of Appeal, and Stephen M. Price for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Doris H. Maier, Assistant Attorney General, and Roland K. Hall, Deputy Attorney General, for Plaintiff and Respondent.

FILES, P. J.—Counts I and II of the information charge defendant with receiving stolen property (Pen. Code, § 496). Counts III and IV charge possession of checks with intent to defraud (Pen. Code, § 475a). The stolen property consists of checks and business machines (count I) and a checkwriter (count II). The information also alleges that defendant has suffered four prior convictions. Defendant pleaded not guilty, denied the priors and waived a jury trial. The trial court found him guilty on all counts, found all priors to be true, and sentenced defendant to state prison. This appeal is from the judgment.

### Facts

Prior to February 1, 1963, the police received information that a man known as Bob Carter was in possession of some stolen blank payroll checks. They watched Carter and saw that he associated with defendant. On January 31, 1963, two officers searched their informant, then gave him $15 and watched him enter defendant's apartment. When the informant came out 15 minutes later he delivered three checks which he said he had purchased from defendant.

On February 1, 1963, at about 5:45 p.m. police officers went to the vicinity of defendant's apartment and waited. Defendant arrived about 7:15 p.m., and as he stepped out of his automobile he was arrested. Defendant was then escorted into the building, and sometime thereafter (the evidence is in conflict as to the time) the officers searched the apartment. A checkwriter and two forged checks were found as a result of that search.

At about 8:10 p.m. another officer arrived with a search warrant which authorized a search of defendant's automobile. The warrant was displayed to defendant and his car was searched. In it were two parcels containing approximately 1,300 blank checks of M and J-Morrison-Knudson Joint Venture. They were identical in form with the two completed checks which were found in defendant's apartment.

It was stipulated that other witnesses, if called, would testify that the checkwriter and the checks were missing from the premises of the respective owners without permission and that the signatures on the two completed checks were unauthorized.

### The Search of the Apartment

Assuming that the arrest was lawful, the search of the apartment cannot be justified as incidental to the arrest.

The trial court should have sustained the objection made by the public defender to the introduction of the checks and checkwriter found there on the ground that they had been obtained illegally. (*People* v. *Cruz*, 61 Cal.2d 861 [40 Cal. Rptr. 841, 395 P.2d 889].) This case was tried before the *Cruz* opinion had come down, and both the prosecutor and the trial judge proceeded upon the assumption that the arrest in the car justified a search of the apartment.

In the *Cruz* case police made a lawful arrest of a suspect while he was seated in an automobile in the street, and then searched an apartment two or three doors away from where the car was parked. In holding that the arrest did not justify a search of the apartment, the court said: "That arrest, however was not effectuated *on the premises thereafter searched,* but in a car parked on a public street." Although in the *Cruz* case the defendant was merely a guest in the apartment which was searched, and his parking place was not squarely in front of the building, we do not think the Supreme Court intended to limit its decision to those precise facts. The principle of the *Cruz* decision is applicable here: The arrest was not on the premises searched, and therefore the search was illegal and the evidence obtained thereby should have been excluded. Without the results of that search the evidence is insufficient as a matter of law to support the conviction under counts II, III and IV.

### Defendant's Confession

■　The conviction under count I is based in part upon defendant's possession of the packages of stolen blank checks in the automobile. The record contains the testimony of a police officer who interrogated defendant at a police station about 10 p.m. on the evening of the arrest. The officer testified:

"I asked him first regarding the typewriter and the checks, where he got them, and he stated that he had purchased them from a man he knew only as Gale on the 26th of January, that was the previous Saturday, and that he had paid $200 for the typewriter and the checks.

"　.　.　.　.　.　.　.　.　.　.　.　.　.

"I then asked him about the—what he does with these checks and he stated that he made a business of purchasing stolen checks and either selling them direct or having persons pass them for him."

There was no evidence that defendant had been advised of his right to counsel or his right to remain silent. His state-

ment amounts to a full confession of the offense charged in count I, obtained under circumstances which now compel a reversal of the judgment as to that count. (*People* v. *Schader*, 62 Cal.2d 716, 726-731 [44 Cal.Rptr. 193, 401 P.2d 665].)

 Another error should be mentioned for the guidance of the court on retrial. For the purpose of establishing cause for the arrest of the defendant the prosecution offered the testimony of a police officer as to statements made by the informant who had purchased the checks at defendant's apartment. When defendant's attorney asked the name of the informer the trial court forbade the officer to answer. The defense then moved to strike the officer's testimony concerning the informer and the motion was denied. The motion should have been granted. (*Priestly* v. *Superior Court*, 50 Cal.2d 812, 819 [330 P.2d 39].)

The judgment is reversed.

Jefferson, J., and Kingsley, J., concurred.