[Crim. No. 10514. In Bank. Feb. 17, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. JOHN LEE HENRY, Defendant and Appellant.

Erling J. Hovden, Public Defender, Wilbur F. Littlefield and James L. McCormick, Deputy Public Defenders, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Doris H. Maier, Assistant Attorney General, and Edsel W. Haws, Deputy Attorney General, for Plaintiff and Respondent.

BURKE, J.—Defendant was convicted of possession of marijuana (Health & Saf. Code, § 11530), and it was found that he had previously been convicted of the same offense. A motion for a new trial was denied, and he was sentenced to prison. He appeals, contending that the trial court over objection improperly admitted marijuana obtained in an illegal search. We have concluded that the trial court's failure to find whether there was a valid consent to the search requires a reversal of the judgment.

The sole prosecution witness was Los Angeles Police Officer Smith, whose testimony may be summarized as follows:

About June 7, 1965, an informant told the police that a

man named "Johnny" who lived at a specified hotel sold marijuana and that the informant had heard that there was marijuana in "Johnny's" room. The informant also gave the police a description of "Johnny." Smith considered the informant to be reliable, having on two prior occasions received information from him that led to described arrests. Several days before receiving the foregoing information, Smith had received similar information from another informant.

On June 13, 1965, Smith and his partner Watts, without a warrant of any kind, went to the hotel. On the sidewalk in front of the hotel they saw defendant, who "appeared to be gambling" with a group of persons. He fit the description given by the informants. The officers asked him his name and address, and, when he replied "John Lee Henry" and that he lived at "this location," they told him he was under arrest "for gambling and also for suspicion of narcotics" and handcuffed his hands behind his back. The arrest was made on the sidewalk 10 to 12 feet from the hotel entrance. After the arrest the officers searched defendant's person and found a key to his hotel room. In response to an inquiry by the officers, defendant denied having any narcotics in his room. The officers inquired if he objected to their searching the room, and he replied that he did not. They led him to his room, which was on the second floor of the hotel, unlocked the door, and on searching the room found marijuana.

At the end of Smith's testimony defendant objected to the admission of the marijuana on the ground that it was obtained in an illegal search. During the ensuing discussion the court indicated that it doubted that there was an effective consent to the search but that it was unnecessary for counsel to argue the question of consent because the court was of the view that there was "probable cause to have searched the premises."[1] The court declared that it overruled the objection on that basis.

Defendant thereafter took the stand in his own defense and testified that the arresting officers never asked him for permission to search his room and that he never told them they could

---

[1] The court stated, "I'm *inclined* also to eliminate the defendant's consent to search his room under the circumstances under which he was held and—" (Italics added.) The prosecutor interrupted and began to argue the question of consent. The court then stated that "Under the circumstances of the arrest and the handcuffing and—I wouldn't—if that were the only item I wouldn't rule. You don't have to argue," and the court went on to explain its basis for considering the search lawful.

make the search. He also denied any knowledge of the marijuana found in his room.

At the close of defendant's testimony his attorney renewed his objection to the marijuana, and the court, without discussion, overruled the objection.

 Since the search was made without a warrant, the burden was on the prosecution to show proper justification. (*People* v. *Faris,* 63 Cal.2d 541, 545 [47 Cal.Rptr. 370, 407 P.2d 282]; *People* v. *Cruz,* 61 Cal.2d 861, 865 [40 Cal.Rptr. 841, 395 P.2d 889]; *People* v. *Shelton,* 60 Cal.2d 740, 744 [36 Cal.Rptr. 433, 388 P.2d 665]; *People* v. *King,* 60 Cal.2d 308, 311 [32 Cal.Rptr. 825, 384 P.2d 153]; *People* v. *Haven,* 59 Cal.2d 713, 717 [31 Cal.Rptr. 47, 381 P.2d 927].)

 The search cannot be justified on the ground that the officers had reasonable cause to believe that narcotics were in defendant's room. Even if it were assumed that they had reasonable cause for so believing, a search of the room without a warrant could be justified only as an incident to a lawful arrest or pursuant to a valid consent. As the United States Supreme Court stated in *Chapman* v. *United States,* 365 U.S. 610, 613 [5 L.Ed.2d 828, 81 S.Ct. 776], "Until *Agnello* v. *United States,* 269 U.S. 20 [70 L.Ed. 145, 46 S.Ct. 4, 51 A.L.R. 409], this Court had never directly decided, but had always assumed, 'that one's house cannot lawfully be searched without a search warrant, except as an incident to a lawful arrest therein' (*id.,* 269 U.S. at page 32 [70 L.Ed. at p. 149, 46 S.Ct. at p. 6, 51 A.L.R. at p. 413]), but that case decided that 'Belief, however well founded, that an article sought is concealed in a dwelling house furnishes no justification for a search of that place without a warrant. And such searches are . . . unlawful notwithstanding facts unquestionably showing probable cause.' *Id.,* 269 U.S. at page 33 [70 L.Ed. at p. 149, 46 S.Ct. at p. 6, 51 A.L.R. at p. 414]." (See also *People* v. *Burke,* 61 Cal.2d 575, 579 [39 Cal.Rptr. 531, 394 P.2d 67]; *People* v. *Shelton,* 60 Cal.2d 740, 744 [36 Cal.Rptr. 433, 388 P.2d 665]; *People* v. *Edgar,* 60 Cal.2d 171, 175 [32 Cal.Rptr. 41, 383 P.2d 449].)

 Irrespective of whether there was probable cause for the arrest, the search cannot be justified as incident thereto since the arrest was made on the sidewalk several feet from the hotel entrance and the search was of defendant's room on the second floor of the hotel. A search is not incident to an arrest unless, among other things, "it is limited to the premises where the arrest is made." (*People* v. *Cruz, supra,*

61 Cal.2d 861, 865-866; *People* v. *Delaney,* 239 Cal.App.2d 122, 123-124 [48 Cal.Rptr. 408]; *Hernandez* v. *Superior Court,* 143 Cal.App.2d 20, 23 [299 P.2d 678]; see Witkin, Cal. Evidence (2d ed. 1966) §§ 119, 120, pp. 120-122.) The United States Supreme Court has similarly declared that a search can be incident to an arrest only if it is substantially contemporaneous with the arrest and "is confined to the immediate vicinity of the arrest." *James* v. *Louisiana,* 382 U.S. 36, 37 [15 L.Ed.2d 30, 86 S.Ct. 151]; *Stoner* v. *California,* 376 U.S. 483, 486 [11 L.Ed.2d 856, 84 S.Ct. 889].)

 Nor can we, as urged by the Attorney General, uphold the search on the theory that defendant consented to it. As we have seen, the trial court expressed doubts as to whether there was a valid consent to the search but appears to have made no determination of the question because it concluded that there was probable cause for the search. There was conflicting evidence as to whether defendant told the officers they could search his room, and we cannot assume that the trial court would have resolved this conflict in favor of the People. (*People* v. *Frank,* 225 Cal.App.2d 339, 342 [37 Cal. Rptr. 202]; cf. *People* v. *Robarge,* 41 Cal.2d 628, 633-634 [262 P.2d 14].) Even if it were found that there was apparent consent by defendant to the search, the further question would be presented as to whether that consent was voluntarily given or was in submission to an express or implied assertion of authority. (*People* v. *Carrillo,* 64 Cal.2d 387, 392-393 [50 Cal.Rptr. 185, 412 P.2d 377]; *People* v. *Smith,* 63 Cal.2d 779, 798-799 [48 Cal.Rptr. 382, 409 P.2d 222]; *Castaneda* v. *Superior Court,* 59 Cal.2d 439, 442-443 [30 Cal.Rptr. 1, 380 P.2d 641]; *People* v. *Fischer,* 49 Cal.2d 442, 448 [317 P.2d 967]; *People* v. *Michael,* 45 Cal.2d 751, 753 [290 P.2d 852].)

If there was no apparent consent or if such consent was not voluntarily given, it is unnecessary to consider whether valid consent can be found in the absence of proof that defendant was advised of his constitutional rights pertaining to searches (see e.g. *United States* v. *Nikrasch,* 367 F.2d 740, 744) or whether the arrest was lawful. A search and seizure made pursuant to consent secured immediately following an illegal arrest or entry are, of course, inextricably bound up with the illegal conduct and cannot be segregated therefrom. (*People* v. *Haven, supra,* 59 Cal.2d 713, 718-719; *People* v. *Theobald,* 231 Cal.App.2d 351, 357 [41 Cal.Rptr. 758]; see Witkin, Cal. Evidence (2d ed. 1966) § 79, p. 76.)

██ The marijuana was the main evidence introduced against defendant, and it was inadmissible if there was not an effective consent to the search. The trial court's failure to determine that question was prejudicial error. (Cal. Const., art. VI, § 13; █ *People* v. *Watson*, 46 Cal.2d 818, 836 [299 P.2d 243].)

The judgment is reversed. The order denying a new trial is not appealable (Pen. Code, § 1237; *People* v. *King, supra,* 60 Cal.2d 308, 309), and defendant's appeal therefrom is dismissed.

Traynor, C. J., Peters, J., Tobriner, J., Mosk, J., and Sullivan, J., concurred.

McCOMB, J.—I dissent. I would affirm the judgment for the reasons expressed by Mr. Justice Fourt in the opinion prepared by him for the Court of Appeal, Second Appellate District, Division One, and concurred in by Mr. Presiding Justice Wood and Justice Lillie, which is quoted in full below:

This is an appeal from a judgment of conviction of possessing a narcotic drug and from an order denying a motion for new trial.

In an information filed in Los Angeles County on July 2, 1965, defendant was charged with having possessed marijuana on June 13, 1965. It was further charged that defendant previously, on March 15, 1962, had been convicted of a violation of section 11530, Health and Safety Code, a felony. Defendant pleaded not guilty and denied the charged prior conviction. A jury trial was waived and defendant was found guilty as charged. The court found the charged prior to be true. Defendant was sentenced to the state prison. This appeal was timely filed.

A résumé of some of the facts is as follows: In early June of 1965, about a week prior to the arrest of defendant, Officer Smith of the Los Angeles Police Department received information from a person whose name he did not recall, and whom he had previously arrested (violation of parole) and from whom he never previously had received any information, that a man named Johnny lived in room 206, Harold Hotel, 323 East Fifth Street, that he worked with a confederate known as "Overalls," that they sold marijuana in the Diamond Club at 223 East Fifth Street and that marijuana was kept in

the room inside a radio case. Johnny was described as wearing a goatee, his hair was worn straight back and combed down; that he always was smoking a cigar, carried a razor and hung around the area of the hotel.

A few days later, and before the arrest of defendant, Officer Smith received information from a person known only as James. James described a man named Johnny, as a male Negro, 30 to 35 years of age, who had a goatee, smoked cigars, lived at the Harold Hotel at 323 East Fifth Street, and he, James, stated that he knew that Johnny sold marijuana and had heard that he kept it in his room. James twice previously had given police information which had resulted in arrests— once with reference to a grand theft auto case and once with reference to a deserter from the Marine Corps.

On June 13, 1965, at about 4 p.m., Officers Smith and Watts went to 323 East Fifth Street where they saw defendant about three feet from the hotel doorway. He matched the description they had been given. He was squatting on the sidewalk in a small group in front of the hotel, apparently engaged in a dice game. As the officers approached the group dispersed and defendant gathered up some small objects from the sidewalk and put them in his pocket. Upon being asked, defendant gave the officers his name, whereupon he was arrested for gambling and for suspicion of narcotics possession. Defendant was told of his right to remain silent, his right to an attorney and was advised that anything he said could be used against him. A cursory search of defendant was made and a pair of dice, a room key and a razor were found. The officers asked defendant if there were narcotics in his hotel room and he replied that there were not. He was asked if he had any objections to their searching the room and defendant said he did not. Smith asked if he had lived previously in room 206 and defendant replied that he had, but that he had moved to room 204 a few days before.

The officers and defendant entered the hotel and went to room 204 on the second floor. Using defendant's key they unlocked the door and went inside. On the floor near the window was a radio out of its case. Beside the radio was a case sitting against the wall. Smith, upon entering the room, walked to the case, pulled it from the wall and saw two packages wrapped in newspaper inside the radio case. Smith removed the packages and before opening them placed them on a dresser top and asked defendant what they contained and defendant answered that they contained marijuana.

Smith opened up the packages; one contained 30 marijuana cigarettes, the other contained a bulk of marijuana.

Defendant testified that the officers asked him from whom he was obtaining the marijuana, and he replied that if he told them who it was, he would have no place to live or likely would be shot.

Appellant now asserts that the arrest, search and seizure were without probable cause, the search was not incidental to the arrest, was made without consent and without a warrant.

There is substantial evidence to support the judge's finding of probable cause. The reliance upon the evidence from the informer was reasonable. (See *People* v. *Prewitt,* 52 Cal.2d 330, 337 [341 P.2d 1]; *Willson* v. *Superior Court,* 46 Cal.2d 291, 294-295 [294 P.2d 36]; *People* v. *Melchor,* 237 Cal.App. 2d 685, 688-689 [47 Cal.Rptr. 235].)

James was a reliable informant and his statements above might well have provided sufficient probable cause to support an arrest. (See *People* v. *Prewitt, supra; Willson* v. *Superior Court, supra; People* v. *Cedeno,* 218 Cal.App.2d 213, 219-220 [32 Cal.Rptr. 246]; *People* v. *Roland,* 183 Cal.App.2d 780, 784 [6 Cal.Rptr. 895]; *People* v. *Dewson,* 150 Cal.App.2d 119, 128 [310 P.2d 162].) James told the officers that of his own knowledge the defendant was selling marijuana.

The unnamed informant gave information about defendant's description and the exact location at which the marijuana was kept, the name of the confederate and details, all of which indicated a personal knowledge of defendant and his activities. (See *Draper* v. *United States,* 358 U.S. 307 [3 L.Ed.2d 327, 79 S.Ct. 329].) In other words, considering all of the information the police had, it was perfectly reasonable for the police to act as they did. Furthermore, defendant consented to the search. The fact that defendant was under arrest does not necessarily mean that his consent was not wholly voluntary. (See *People* v. *Cockrell,* 63 Cal.2d 659, 665 [47 Cal.Rptr. 788, 408 P.2d 116]; *People* v. *Williams,* 196 Cal.App.2d 845, 852 [16 Cal.Rptr. 842].)