[Crim. No. 7700.   First Dist., Div. Four.   Sept. 25, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. STEPHEN
ALAN WILCOX, Defendant and Appellant.

Vogel, Martin, Schwartz & Jacobs and Bernard J. Vogel, Jr., for Defendant and Appellant.

Thomas C. Lynch, Attorney General, John T. Murphy and Jerome C. Utz, Deputy Attorneys General, for Plaintiff and Respondent.

CHRISTIAN, J.—Appellant Stephen Alan Wilcox and two co-defendants were charged with violations of Health and Safety Code section 11530 (possession of marijuana), section 11913 (furnishing an amphetamine to a minor), and section 11910 (possession of LSD). Under Penal Code section 1538.5, appellant moved to suppress certain evidence which formed the basis of the intended prosecution, asserting an unlawful search and seizure. When the motion was denied, appellant withdrew an earlier plea of not guilty and pleaded guilty to violation of Health and Safety Code section 11557. The other counts were dismissed, appellant was admitted to probation, and by this appeal Wilcox presents the question whether his motion to suppress evidence under Penal Code section 1538.5 was correctly denied.

Appellant was arrested, and the contraband which was the subject of the motion to suppress evidence was seized, in the San Jose residence of Dr. and Mrs. Bortz. Before going away on vacation, Dr. Bortz had filed a request with the police department to make a periodic "vacation check" to protect the property from vandalism or unauthorized entry. The request for vacation check contained notations that Dr. Bortz' attorney, Mr. Hayden, was to be contacted if any problem relating to the property emerged, and that Richard Bevins, the stepson of Dr. Bortz, was not to be allowed in the house unless accompanied by his grandmother.

On the day in question, an officer who visited the property pursuant to the request just mentioned noticed a "hot-rod-

like car'' parked in front. Finding the front door of the house locked, he opened the garage door; as he did so young Bevins came out of the front door of the house, identified himself, and questioned the officer's authority. The officer saw another person inside the garage. A third juvenile in the side yard next to the house was waving his arms about and pointing up to the sky; observing that this person appeared to be under the influence of alcohol or a drug, the officer caused him to return to the house. After calling by radio for help, the officer talked to a neighbor who stated that there had been a number of late-night visitors at the house during the preceding week and that Bevins was indeed the son of the owners of the house.

The officer entered the house; finding four more persons (including appellant) inside, he arrested all of them for trespass. The officer called attorney Hayden, and walked around the house while awaiting his arrival. He observed drinks and suitcases scattered throughout the rooms. After attorney Hayden arrived, the officer saw on the floor a label from a package of polyethylene envelopes which suggested to him the presence of narcotics. Hayden suggested a search, declaring, ''You have my permission to search.''

The ensuing search disclosed marijuana, pills, syringes and needles; some of the drugs were found in a wastebasket which also contained appellant's wallet. The present prosecution followed.

■ Appellant contends that the police entry was illegal, arguing that the request by Dr. Bortz for a vacation check did not constitute consent to enter the house and—even if it did— such consent was superseded by the objections of Bevins. Appellant also contends that even if the entry were lawful, the further search of the entire house was illegal because it was merely exploratory.

■ Probable cause to believe contraband is present does not authorize search of a residence in the absence of a search warrant (*Agnello* v. *United States* (1925) 269 U.S. 20 [70 L.Ed. 145, 46 S.Ct. 4, 51 A.L.R. 409] ; *People* v. *Henry* (1967) 65 Cal.2d 842 [56 Cal.Rptr. 485, 423 P.2d 557] ). ■ But a warrantless search is not illegal if it is made with voluntary consent (Witkin, Cal. Evidence (2d ed. 1966) § 77, pp. 73-74). ■ If a search violates the rights of the occupant of the premises, the evidence may not be used even against a defendant who has no right of ownership or possession in the premises improperly searched (*Jones* v. *United States* (1960) 362

U.S. 257 [4 L.Ed.2d 697, 80 S.Ct. 725, 78 A.L.R.2d 233]; *People* v. *Martin* (1955) 45 Cal.2d 755 [290 P.2d 855]). One question is whether the police officer reasonably believed that a person having authority to consent to the entry and search had actually done so (See *People* v. *Potter* (1966) 240 Cal. App.2d 621, 630 [49 Cal.Rptr. 892], cert. den. 388 U.S. 924 [18 L.Ed.2d 1374, 87 S.Ct. 2118]).

The first question determined by the trial court in ruling on the motion to suppress evidence was whether Dr. Bortz actually consented to the entry of his home by the police. The evidence supports conflicting inferences bearing on that question. On the one hand, no explicit permission to enter was given; but on the other hand, the judge might reasonably infer that Dr. Bortz's purpose in asking for a vacation check was to protect his property from the various kinds of mishaps that a vacant residence is subject to. One such occurrence not unfamiliar to householders is that vagrants or other unauthorized persons may enter and set up housekeeping. Dr. Bortz might well have been surprised if he had returned from his vacation to learn that seven juveniles had made such an entry into his house, that the police patrolman had seen indications that some such enterprise was being carried out, and that the patrolman had not pursued the matter because Dr. Bortz's request for a vacation check did not include an explicit authorization for an officer to enter the house. From these circumstances, the judge could reasonably infer an implied consent to police entry. Where there is conflicting evidence on the issue of consent, the trial judge's decision (here implied) that there was valid consent to a search must be upheld on appeal if there is substantial evidence in support of that view (*People* v. *Baker* (1968) 267 Cal.App.2d 916, 919 [73 Cal.Rptr. 455]).

Appellant points out that where a co-occupant is present at the time of the entry and fails to consent thereto, the consent of the other co-occupant is not binding upon him (*People* v. *Shelton* (1964) 60 Cal.2d 740 [36 Cal.Rptr. 433, 388 P.2d 665]; *Tompkins* v. *Superior Court* (1963) 59 Cal.2d 65 [27 Cal.Rptr. 889, 378 P.2d 113]). In the *Tompkins* case, one co-occupant was arrested away from the apartment and gave officers consent to search the apartment; defendant, the other co-occupant, was present at the apartment and did not consent to the officers' request for admittance. The police entered and searched the apartment. The California Supreme Court held the search and seizure to be illegal: ". . . one joint oc-

cupant who is away from the premises may not authorize police officers to enter and search the premises over the objection of another joint occupant who is present at the time, . . ." (59 Cal.2d at p. 69.) But the right of the householder to request police entry for the purpose of protecting the property in his absence is not subordinate to the right of the temporary occupants to be free from warrantless search. To extend the *Tompkins* rationale to the present case would have the effect of vesting in Bevins a power to countermand the request for police protection which had been made by his stepfather, the actual householder. Bevins had no right of joint possession of the character found in *Tompkins*. The evidence therefore supports the trial court's implied finding that the officer's original entry of the house was not unlawful.

■ Although the entry was justified as coming within the type of investigation foreseen and impliedly authorized by the owners when they requested the vacation check, the painstaking search of the entire house for narcotics might well be held to have exceeded the scope of Dr. Bortz's request. But attorney Hayden unequivocally requested and consented to a complete search. If Hayden had apparent authority to act as he did, the search and seizure was not unlawful (see *United States* v. *Weldon* (S.D.Cal. 1953) 112 F.Supp. 192). Hayden was listed in the vacation check request as one of two parties to be contacted in case of emergency. This reasonably implies his authority to act in Dr. Bortz's behalf in the situation encountered by the officer.

The order admitting appellant to probation is affirmed. The purported appeals from other orders are dismissed.

Devine, P. J., and Rattigan, J., concurred.