[Crim. No. 19327. First Dist., Div. Four. Dec. 19, 1979.]

THE PEOPLE, Plaintiff and Respondent, v.
DANIEL STEVEN TILLERY, Defendant and Appellant.

---

COUNSEL

Patrick R. Murphy, Public Defender, Jeffrey Bradley, and Stephen Kaus, Deputy Public Defenders, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, William D. Stein and Derald E. Granberg, Deputy Attorneys General, for Plaintiff and Respondent.

---

OPINION

CHRISTIAN, J.—Daniel Steven Tillery appeals from a judgment committing him for treatment as a narcotic addict after he pleaded guilty to robbery (Pen. Code, § 211). The appeal tests the propriety of an order denying a motion to suppress a confession which appellant gave to a police officer who arrested him.

In a writ petition appellant has once before addressed to this court a challenge to the trial court's ruling (*Tillery* v. *Superior Court,* 1 Civ. 44177—Div. I). The writ was denied, and a petition to the Supreme Court for a hearing was also denied.

Because appellant's contentions fail on the merits, we do not address the question whether a motion to suppress evidence under Penal Code section 1538.5 and an appeal after guilty plea (Pen. Code, § 1538.5, subd. (m)) are appropriate remedies to test the admissibility of appellant's confession. (See *People* v. *Massey* (1976) 59 Cal.App.3d 777, 780 [130 Cal.Rptr. 581]; cf. *People* v. *Richards* (1977) 72 Cal.App.3d 510, 513 [130 Cal.Rptr. 158].)

A robbery suspect, Anjell, confessed to several robberies and stated that appellant had acted with him in committing the crimes. This information gave the police probable cause to arrest appellant. (*People* v. *McFadden* (1970) 4 Cal.App.3d 672, 688 [84 Cal.Rptr. 675].) Detective Harper went to the home of appellant's girlfriend, Cheryl Brohman, to find and arrest appellant. As Brohman was entering her apartment Harper and another officer, dressed in civilian clothes, told her that they wanted to talk to appellant. Brohman invited the officers inside, and told appellant that two police officers wished to speak with him. As appellant approached the officers, Harper asked appellant to step outside because he wanted "to talk to him." Appellant went outside and Harper immediately arrested him in the driveway. Harper did not have an arrest warrant.

Appellant moved to suppress all tangible and intangible evidence seized as a product of an illegal arrest. (Pen. Code, § 1538.5.) The motion was specifically directed at a confession which he assertedly made immediately after the arrest. Appellant contended, citing *People* v. *Ramey* (1976) 16 Cal.3d 263 [127 Cal.Rptr. 629, 545 P.2d 1333] (cert. den. 429 U.S. 929 [50 L.Ed.2d 299, 97 S.Ct. 335]), that the warrantless arrest was per se unlawful in the absence of exigent circumstances or consent justifying the entry of Brohman's residence.

In denying appellant's motion to suppress, the trial court recorded in the minutes the following findings:

1. There was no arrest warrant.

2. The officer used a ruse to gain entry into the house.

3. No exigent circumstances existed to excuse compliance with the requirements of *Ramey*.

4. *Ramey* did not apply because appellant did not reside at the house where the arrest occurred.

The California Supreme Court in *People* v. *Ramey, supra,* 16 Cal.3d 263, held that a warrantless arrest within a residence is per se unreasonable. The court recognized two exceptions to this rule: (1) "a bona fide emergency" and (2) "consent to enter." (16 Cal.3d at p. 275.) In *Ramey,* the suspect retreated into his house after the officers identified themselves. The police followed the suspect and arrested him without a warrant. The court held the arrest unlawful and directed suppression of the evidence seized after the arrest.

Appellant contends that the trial court erred when it found that *Ramey* did not apply to appellant's arrest because appellant was not in his own residence when the arrest occurred. Appellant maintains that *Ramey* does not specify that only full time residents of a home are protected by the doctrine. The purpose of the *Ramey* holding would be undermined by such a narrow interpretation, appellant argues. Appellant further contends that the scope of consent to enter the house was exceeded in that the officer requested entry to speak with appellant, but actually intended to arrest him. Appellant urges that the use of subterfuge by the police to bring him out of the protection of a home, with the admitted purpose of avoiding *Ramey,* should not be condoned. Appellant concludes that his confession, assertedly made after the arrest, should have been suppressed by the trial court as the fruit of an illegal arrest.

The trial court's interpretation of *Ramey* is incorrect. *Ramey* cannot be interpreted as protecting only legal residents of a home against warrantless arrests; all residents and invited guests of residents are entitled to the same constitutional protection. The main policy consideration behind *Ramey* is to protect the right to privacy in a private dwelling. The court states: "'. . .we believe that the Fourth Amendment prohibits a warrantless entry into a *dwelling*. . . .'" (16 Cal.3d at pp. 274-275; italics added.) The expectation of privacy, against police intrusions, of an invited guest in a home should be as great as that of the resident himself. (Cf. *Katz* v. *United States* (1967) 389 U.S. 347, 353 [19 L.Ed.2d 576, 583, 88 S.Ct. 507].) The emphasis is on the intrusion, not on the residential status of the arrestee. (See *In re Johnny V.* (1978) 85 Cal.App.3d 120, 132 [149 Cal.Rptr. 180], holding that the fact that the suspect was arrested in someone else's residence did not preclude the

application of *Ramey*.) This interpretation of *Ramey* is consistent with the analogous search and seizure law. The expectation of privacy against warrantless searches and seizures applies to tenancy of any kind, regardless of duration of the stay, or nature of any consideration paid. (See generally *People* v. *Escudero* (1979) 23 Cal.3d 800, 807 [153 Cal.Rptr. 825, 592 P.2d 312].) A person has a legitimate expectation of privacy as long as the occupancy is permitted by the owner.

Appellant recognizes that Brohman consented to the entry, but contends that the consent exception to *Ramey* is inapplicable because: (1) the scope of consent was exceeded when the police entered the dwelling with the intent of arresting appellant, rather than merely talking to him; and (2) the police used a ruse to lure appellant out of the protection of Brohman's home. Two post-*Ramey* decisions have dealt with the consent exception. In *People* v. *Superior Court* (*Kenner*) (1977) 73 Cal. App.3d 65 [139 Cal.Rptr. 343], the police obtained consent to enter Kenner's home to "talk to" Kenner. Upon entry, and without any prior interrogation, the police arrested Kenner. The court held that the arrest was illegal because the scope of consent to enter the home had been exceeded; consent was given to talk to Kenner, not to arrest him. The court analogized consent to arrest a suspect in the home to consent to search and seize possessions without a warrant: "[An] officer's rights [are] limited to the scope of the consent given. Before an apparent consent can be said to be given voluntarily and knowingly, an alleged consentor must be aware of the purpose of the requested entry and a consent obtained by trickery and subterfuge renders a subsequent search and seizure invalid." (73 Cal.App.3d at p. 69, citing *People* v. *Superior Court* (*Arketa*) (1970) 10 Cal.App.3d 122 [89 Cal.Rptr. 316].) Similarly, in *In re Johnny V., supra,* 85 Cal.App.3d 120, the police obtained consent to enter the home where the suspect was staying. The court concluded that "the officer sought consent to *talk* with the minor...*not* to arrest him" (85 Cal.App.3d at p. 132; italics in original), and rendered the subsequent arrest illegal.

■ The present case is to be distinguished from *Kenner, Johnny V.* and *People* v. *Lathrop* (1979) *ante,* page 967 [160 Cal.Rptr. 654] on the basis that here the officer did not arrest appellant inside the home when he had obtained permission to enter for the limited purpose of talking to appellant. While the officer was in Brohman's home, he did no more than talk to appellant when he asked appellant to step outside. The privacy interests protected by *Ramey* were satisfied when appellant voluntarily stepped outside. Once he stepped outside, it was lawful for

the officer to arrest him on probable cause to believe that he was guilty of robbery.

Although the reasoning of the trial court was incorrect, the ruling denying the motion to suppress evidence was correct.

Affirmed.

Caldecott, P. J., concurred.

**POCHÉ, J.**—I dissent.

I agree with the majority's eloquent recitation of the constitutional predicates of *Ramey* and its ultimate determination that the court below erred in finding *Ramey* to be inapplicable to nonresident arrestees. The schism begins with the majority's discussion of consent.

Consent is not at issue. We have no finding of consent to review. What we do have is a finding that "the officer used a ruse to gain entry into the house." The uncontroverted and overwhelming evidence to support this finding culminates in the testimony of the officer:

"Q. Would it be fair to say, Officer, without any reflection upon you that it was your intention to arrest him, and that it was, also, your intention to get him out of the house to effect the arrest so you need not comply with your understanding of the *Ramey* case?

"A. Yes."

We must now answer the legal question: in a situation where there is no arrest warrant and no exigent circumstances and the police use trickery for the express purpose of gaining entry into a dwelling, is the subsequent arrest valid?

No. "It is well settled in this state that an entry obtained by trick, ruse, or subterfuge is illegal and that any prosecution based on such an illegal entry cannot be allowed to stand." (*In re Robert T.* (1970) 8 Cal.App.3d 990, 993 [88 Cal.Rptr. 37], citing *People* v. *Reeves* (1964) 61 Cal.2d 268, 273 [38 Cal.Rptr. 1, 391 P.2d 393].) It follows that the entry by ruse without a warrant rendered appellant's subsequent arrest invalid by force of the Fourth and Fourteenth Amendments. Our inquiry should end here.

However, the majority opinion goes on and in my view incorrectly puts its focus on the second trick the police used to avoid the *Ramey* rule: asking appellant to step outside. Nothing was decided by the trial court about that nor was a finding necessary because the prosecution did not even attempt to show that this scheme (admitted by the same officer) and the subsequent arrest were purged by the taint of the illegal entry.

The majority concludes that "the privacy interests protected by *Ramey* were satisfied when appellant voluntarily stepped outside." That *ipse dixit* is equivalent of saying that if the police had simply broken down the front door and then had asked appellant to step outside that the privacy interests protected by *Ramey* would have been satisfied. The holding of this case is easy to state and apply: police can effectively evade the constitutional protections afforded by the Fourth and Fourteenth Amendments by engaging in a scheme to evade those constitutional rights by trickery.

If this decision stands the Fourth Amendment will read: "The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated except when police officers engage in schemes to violate the right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures. . . . "

Instead, I would remand for further hearing to determine whether or not the confession was the product of the invalid arrest.

A petition for a rehearing was denied January 9, 1980. Poché, J., was of the opinion that the petition should be granted. Appellant's petition for a hearing by the Supreme Court was denied February 14, 1980. Bird, C. J., was of the opinion that the petition should be granted.