Bergan, J.
Each of the five cases heard together on this appeal involves a conviction for the sale of narcotics in violation of se tion 1751 (subd. 1) of the former Penal Law; and, additionally, all the cases share a common question: whether the transmission to police by an informant by means of a radio device concealed on his person of incriminating conversations with defendants is a violation of their constitutional rights.
The New York statute prohibiting eavesdropping and making it a crime expressly excepts from its interdiction of conversations overheard through instrumental means by persons not present, those heard with consent of “ a party to ” (former Penal Law, § 738, subd. 2) or “ of at least one party ” (new Penal Law, § 250.00) to the conversation.
*620 Such transmission of a conversation by one party to it, to be heard by persons not present, has been held in circumstances quite like those involved here not to violate the right of privacy protected by the Fourth Amendment (On Lee v. United States, 343 U. S. 747).
The use of a tape recorder by a party to a conversation to preserve the exact conversation and provide for its re-enactment, rather than a contemporaneous transmittal, has likewise been held not to violate the constitutional rights of the accused (Lopez v. United States, 373 U. S. 427; see, also, Osborn v. United States, 385 U. S. 323, which rested on Lopez).
The basic rationale of these decisions is that the real breach of privacy is the deception practiced by a party to the private conversation itself and that the problem is essentially the same whether he later tells about the conversation on the basis of a good memory, or from notes made immediately after it, or uses the more sophisticated devices to which our times have become accustomed. This concept is developed especially in Lopez (supra, p. 439). Its logic follows the closely similar reasoning in accepting from an informer proof of private conversations not bolstered by transmission or recording (Hoffa v. United States, 385 U. S. 293).
Appellants say, however, that the teaching of these cases has been made obsolete by Katz v. United States (389 U. S. 347), which held that the interception of a private telephone conversation by attaching an electronic device on the outside of a public telephone booth used by one of the parties to the conversation was a violation of Fourth Amendment rights.
But that case seems readily distinguishable. A man who buys telephone service in a public booth buys private telephone service. That the booth is available to public use by anyone willing to pay for it does not make the private conversation public; and all the basic reasons which protect a person’s privacy on a telephone he hires by the month apply to the phone which is his exclusive instrument while he pays for it. Such an interception would, for example, readily come within the New York Penal Law’s interdiction against eavesdropping.
But it has no relevancy to a voluntary disclosure of the conversation by a party to it, with or without the aid of recording or transmitting techniques. Such a disclosure seems *621 governed by On Lee, Lopez, and cases which followed them.
The Court of Appeals for the Second Circuit in United States v. Kaufer (406 F. 2d 550) has similarly distinguished Katz after having given consideration to the effect of a contrary decision of the Seventh Circuit in United States v. White (405 F. 2d 838).
The judgments should be affirmed.
Chief Judge Fuld and Judges Burke, Scileppi, Keating, Bkeitel and Jasen concur.
In each case: Judgment affirmed.