[Crim. No. 16478. Second Dist., Div. Four. Nov. 24, 1969.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHN JOSEPH COYLE, Defendant and Appellant.

COUNSEL

John Joseph Coyle, in pro. per., and Richard H. Levin, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Elizabeth Miller and James L. Markman, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**FILES, P. J.**—In superior court case A235383 defendant was charged by information in three counts with pimping (Pen. Code, § 266h), pandering (Pen. Code, § 266i), and placing his wife in a house of prostitution (Pen. Code, § 266g). While his trial was under way the defendant withdrew his plea of not guilty and pled guilty to count I (pimping), and the court dismissed the other two counts. On December 5, 1968, defendant was denied probation and sentenced to state prison. He is here appealing from the judgment.

In superior court case 313913 the defendant was found guilty of pandering (Pen. Code, § 266i) and on March 2, 1966, was placed on three years' probation. When defendant was sentenced on December 5, 1968, following his guilty plea in case A235383, the court revoked probation in case 313913, and sentenced defendant to state prison on that offense also, the terms to run concurrently. Defendant is appealing from that judgment also, but he has no argument to offer except that the revocation of probation was based upon the 1968 guilty plea, and if that can be overturned he contends the order revoking probation should be reconsidered.

Defendant's principal contention on appeal is that in the 1968 case the court should have granted his motion to suppress a tape recording of a telephone conversation.

That motion was made prior to trial under the provisions of Penal Code section 1538.5, and was heard on the testimony of Police Officer Brown and of defendant's estranged wife Virginia, who was the alleged victim of the three offenses charged. The testimony showed that, after Virginia had complained to the police about defendant, Officer Brown suggested that she telephone defendant for the purpose of obtaining a recording of a conversation which could be used to supplement her testimony against him in court. Virginia understood she was not required to do this, but she agreed. Neither Virginia nor defendant was under arrest at the time,

although a prostitution charge against Virginia was pending. An induction coil was attached, by means of a suction cup, to the earpiece of the telephone used by Virginia, by which means the entire conversation between Virginia and defendant was recorded. The recording was played for the court and transcribed in the record. Its content supports the inference that defendant had in the past procured his wife's services as a prostitute and was trying to induce her to resume working for him in that capacity.

The motion to suppress was denied.

Immediately thereafter the trial began. Virginia testified, and the tape recording was received in evidence. Before the People's case had been completed, the trial was interrupted and defendant changed his plea to guilty of count I.

█ Preliminarily it is necessary to decide whether the judgment based upon the guilty plea is appealable. Defendant does not purport to have brought himself within Penal Code section 1237.5, which authorizes an appeal from a judgment on a guilty plea only if the trial court has executed a certificate of probable cause. Defendant relies upon the portion of Penal Code section 1538.5, subdivision (m), which reads: "A defendant may seek further review of the validity of a search or seizure on appeal from a conviction in a criminal case notwithstanding the fact that such judgment of conviction is predicated upon a plea of guilty. Such review on appeal may be obtained by the defendant providing that at some stage of the proceedings prior to conviction he has moved for the return of property or the suppression of the evidence."

█ An appeal which is authorized by subdivision (m) of section 1538.5 does not require a certificate of probable cause. (*Moran v. St. John* (1968) 267 Cal.App.2d 474 [73 Cal.Rptr. 190].) The pertinent question is whether this case came within section 1538.5.

█ Subdivision (m) refers to a review of the ruling on the kind of motion which is authorized by subdivision (a) of section 1538.5. Subdivision (a) provides in pertinent part: "A defendant may move for the return of property or to suppress as evidence any tangible or intangible thing obtained as a result of a search or seizure on the ground that: (1) The search or seizure without a warrant was unreasonable; . . ."

The application of that section to the case at bench depends upon a determination that (a) the tape recording was a "tangible or intangible thing," and (b) that the act of recording the conversation was a "search or seizure."

In *People* v. *Superior Court* (1969) 70 Cal.2d 123 [74 Cal.Rptr. 294, 449 P.2d 230] the Supreme Court had to decide whether a motion could be made under section 1538.5 to suppress a tape recording which had been made by a private citizen. The court concluded that the motion was not available because the section only applied to a search or seizure made by a government agent. There is no suggestion in that opinion either that the recording was not a "thing," or that the act of recording a conversation did not constitute a search within the meaning of the statute.

In *Katz* v. *United States* (1967) 389 U.S. 347, 353 [19 L.Ed.2d 576, 583, 88 S.Ct. 507], it was held that the act of a government agent in electronically listening to and recording a telephone conversation constituted a "search and seizure" within the meaning of the Fourth Amendment to the United States Constitution. Upon this authority, we conclude that the recording here sought to be suppressed was a "thing obtained as a result of a search or seizure" within the meaning of section 1538.5, subdivision (a). It follows that defendant was entitled to invoke that section, and to seek appellate review of the adverse ruling despite his plea of guilty.

■ On the merits, defendant relies upon *Katz* v. *United States, supra,* which held inadmissible the evidence obtained through an electronic listening device attached to the outside of a public telephone booth. The critical difference between the *Katz* case and the case at bench is that here the recording was made with the knowledge and consent of one party to the conversation. The act of recording gave the prosecution no information which defendant had not voluntarily disclosed to Virginia, who was free to tell the police and testify in court. In *People* v. *Chatfield* (1969) 272 Cal.App.2d 141 [77 Cal.Rptr. 118], we held that a recording made under such circumstances by law enforcement officers was distinguishable from the *Katz* situation, and did not constitute a violation of the Fourth Amendment. Other recent decisions reaching the same result are: *Holt* v. *United States* (10th Cir. 1968) 404 F.2d 914; *Dryden* v. *United States* (5th Cir. 1968) 391 F.2d 214; *United States* v. *Kaufer* (2d Cir. 1969) 406 F.2d 550 (affd. on ground *Katz* not retroactive, 394 U.S. 458 [22 L.Ed.2d 414, 89 S.Ct. 1223]); *Commonwealth* v. *Douglas* (1968) 354 Mass. 212 [236 N.E.2d 865]; *People* v. *Gibson* (1969) 23 N.Y.2d 618 [246 N.E.2d 349]; *State* v. *Vollhardt* (1968) 157 Conn. 25 [244 A.2d 601].

In *United States* v. *White* (7th Cir. 1969) 405 F.2d 838[1] the court reached a contrary result. The opinion pointed out that the party to the

---

[1]Cert. granted April 7, 1969, 394 U.S. 957 [22 L.Ed.2d 559, 89 S.Ct. 1305].

conversation who had consented to the eavesdropping did not testify. It distinguished an earlier case where the informer had testified to conversations with the defendant and a recording was held admissible for the purpose of corroboration. Thus, although the reasoning of the *White* case is in conflict with the other cases cited above, its precise holding is not in conflict with the case at bench, where the recording was used as corroboration of the testimony of the "informer," *i.e.,* defendant's wife Virginia.

In a supplemental brief submitted by defendant, acting independently of counsel, he argues it was error for the trial court to refuse to require a psychiatric examination of Virginia. It appears to have been defendant's contention in the trial court that Virginia was mentally ill and therefore unreliable as a witness. This issue is not available on this appeal, which, for the reasons stated above, reviews only the correctness of the ruling on the motion to suppress the recording.

Each judgment is affirmed.

Kingsley, J., and Dunn, J., concurred.

A petition for a rehearing was denied December 9, 1969, and appellant's petition for a hearing by the Supreme Court was denied January 21, 1970.