[Crim. No. 35719. Second Dist., Div. Four. June 10, 1970.]

DONALD HECKMAN KIRBY, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Edward B. Stanton for Petitioner.

No appearance for Respondent.

Evelle J. Younger, District Attorney, Harry Wood and Robert J. Lord, Deputy District Attorneys, for Real Party in Interest.

**OPINION**

**ALARCON, J.*** — After a preliminary examination, petitioner was charged in respondent court with a violation of section 288 of the Penal

*Assigned by the Chairman of the Judicial Council.

Code. He moved, purportedly pursuant to section 1538.5 of the Penal Code, to suppress evidence which he contends was obtained in violation of his constitutional rights. The motion was denied. Pursuant to sub-division (i) of section 1538.5, he petitioned this court for a writ of prohibition or mandate to secure the vacation of that order. We issued an alternative writ of mandate; the matter has been fully briefed and argued. For the reasons set forth below, we grant a peremptory writ of mandate and remand the case for a full evidentiary hearing on the motion.

## FACTUAL BACKGROUND

The background facts, as set forth in the transcript of petitioner's preliminary examination,[1] are not in dispute.

On August 6, 1969, at 8:30 p.m., Officer Lawrence Domagalski of the Los Angeles Police Department, observed a 1964 step-down Chevrolet van legally parked in a manufacturing area in North Hollywood. He became suspicious because none of the business establishments were open at that hour. It was very unusual to see a vehicle parked there at that time. Also Officer Domagalski was aware that there had been quite a few burglaries in that area. He thought that "the vehicle may be a vehicle used by some burglary suspects in that area." He could not observe any persons in the area or in the buildings. Since he was working alone, he decided to check the van for his own safety to make sure the van was empty before he began to check the buildings. He felt that because some of the business entrances were lighted, he would be an easy target for someone within the van.

Officer Domalgalski opened the door to the vehicle and pulled back the curtains over the window so as to check the rear of the van. Inside the van he observed petitioner and a nude 14-year-old boy who was seated in the corner, crying. The officer separated the two persons and talked to each of them. The petitioner's statement was not offered in evidence at the preliminary hearing.

In the trial court the petitioner made a motion to suppress the observations made by Officer Domagalski and "anything that came out by way of testimony or evidence from the people, the two people within the van." The prosecutor argued to the trial court that the question before the court was "not the legality of the searching eyes of the officer or his

---

[1]The record of the proceedings on the 1538.5 motion does not show that the preliminary transcript was formally introduced as evidence at that hearing, by stipulation or otherwise. However, it was referred to and quoted from and the district attorney stipulates that we may consider it on the present appeal as though it formally had been made part of the record below.

conduct or the admissibility of what he might have seen, but would be more to whether or not this is proper subject matter within the scope of 1538.5."

The trial court denied the motion to suppress on the sole ground that the observations of the officer after parting the curtains did not fall within the type of evidence which can be suppressed by a motion under section 1538.5 of the Penal Code. The pertinent language is that contained in subdivision (a) of that section, which reads as follows: "A defendant may move . . . to suppress as evidence any tangible or intangible thing obtained as a result of a search or seizure on the ground that . . . (2) . . . there was any . . . violation of federal or state constitutional standards." In ruling, the trial court stated that the term "intangible thing," as used in section 1538.5, refers to a physical object such as a stock certificate, bond or promissory note. The court refused to hear testimony bearing on the lawfulness of the officer's conduct[2] and refused to rule on the issue tendered by petitioner.

The sole issue now before us, therefore, is whether the trial court was correct in ruling that the admissibility of the kind of evidence herein involved may not be raised by a motion under section 1538.5 of the Penal Code.

## I

It is clear that, under existing California case law, an observation made by a police officer may constitute an unreasonable—and therefore an unconstitutional—search, so as to render testimony concerning that which was observed inadmissible, even though no tangible physical object was seized or offered in evidence. (*Bielicki* v. *Superior Court* (1962) 57 Cal.2d 602, 605 [21 Cal.Rptr. 552, 371 P.2d 288].) It follows that if under the facts of this case, a trier of fact were to find: (1) that the owner or occupant of the van had exibited a reasonable expectation of privacy as to the interior portions of the vehicle; and (2) that no circumstances existed justifying a search of the van without a warrant,[3] the observations made by the officer might be held to constitute an unreasonable search. (*People* v. *Berutko* (1969) 71 Cal.2d 84, 91 [77 Cal.Rptr. 217, 453 P.2d 721]; *Bielicki* v. *Superior Court* (1962) *supra,* 57 Cal.2d 602, 605; see, also: *People* v. *Edwards* (1969) 71 Cal.2d 1096, 1103 [80

---

[2]The People advised the trial court that, if "mere observation of a police officer" were held to come within Penal Code section 1538.5, they wished an opportunity to present evidence "of the nature that would fall under a 1538.5 hearing."

[3]We are not here concerned with a search purportedly pursuant to a valid warrant.

Cal.Rptr. 633, 458 P.2d 713]; *Cohen* v. *Superior Court* (1970) 5 Cal. App.3d 429 [85 Cal.Rptr. 354]; *People* v. *McGrew* (1969) 1 Cal.3d 404, 409 [82 Cal.Rptr. 473, 462 P.2d 1].)

## II

Prior to the enactment of section 1538.5 of the Penal Code, a defendant who desired to secure a de novo ruling in the superior court as to the admissibility of evidence, or who wished to present evidence in addition to that given at the preliminary hearing which he felt bore on that issue, or who desired both such opportunities, did so by an objection at the trial stage, *voir direing* the prosecution witness(es) and offering his own at a hearing outside the presence of the jury. Because that procedure inherently involved practical problems of delay and inconvenience, the 1967 Legislature adopted the alternative procedure set forth in section 1538.5. The enactment of that section followed the publication of a report by the Assembly Committee on Criminal Procedure, which was based on that committee's interim study of a proposal by the (then) Assemblyman George Deukmejian to establish a single pretrial motion for the challenge of searches and seizures (A.B. 1651, 1965 session). The report contains the following recommendations: "The committee recommends that the procedure for challenging the legality of a search and seizure be changed: (1) to provide for final determination of these questions prior to trial; and (2) to allow the prosecution greater latitude in initiating appellate review of adverse decisions on a search and seizure issue." (Search and Seizure—Procedure for Challenging Evidence Obtained by Search and Seizure, Committee Report, Vol. 22, No. 12, p. 18 (1967).)

■ The committee report makes it quite clear that the enactment of section 1538.5 was intended to provide a procedure by which the prosecution could seek appellate review, prior to trial, of an adverse decision on the admissibility of evidence excluded on Fourth Amendment grounds, in order to avoid the irrevocable consequences of an erroneous ruling suppressing evidence indispensable to a conviction, made after jeopardy had attached. ■ The implementation of that legislative purpose, impels the conclusion that section 1538.5 should be broadly construed, so as to permit its use in all cases where an issue of governmental violation of Fourth Amendment rights is likely to arise.

The language of section 1538.5 stresses the intent of the Legislature not to change the existing case law characterizing the type of police conduct condemned as constituting unreasonable searches and seizures. Subdivision (n) of section 1538.5 provides as follows: "Nothing in this section shall be construed as altering . . . (iv) the law relating to the reasonableness of a search or seizure . . . ."

■ The quoted language makes it clear that section 1538.5 changes the procedure for challenging evidence obtained by a search or a seizure, but that no change was made in the substantive law of search and seizure.

It should be noted that, although the Fourth Amendment protects Americans from "unreasonable searches *and* seizures,"[4] the California Legislature, in section 1538.5, authorizes the return of property or the suppression as evidence of any "tangible or intangible" thing obtained as a result of search *or* seizure. In using the alternative conjunction "or," instead of the connective conjunction "and," the Legislature apparently took cognizance of the decisions of the California Supreme Court which had extended the exclusionary rule to the visual results of a search even though no tangible object was "seized." (*Bielicki* v. *Superior Court* (1962) *supra*, 57 Cal.2d 602, 605.)

Section 1538.5 authorizes the suppression as evidence of any "tangible or intangible" thing, obtained as the result of an unreasonable search or seizure. When the bill proposing section 1538.5 was originally introduced into the Legislature on January 19, 1967 (S.B. 88), the proposed statute permitted a defendant challenging the legality of a search or seizure to "move for the return of property or to suppress as evidence anything so obtained." Prior to passage, the words "anything so" were stricken and the words "any tangible or intangible thing" were inserted in lieu thereof. Since the Legislature expressly disavowed any intent to change the existing substantive case law, this change in wording undoubtedly was made to make it clear that all "things"—whether tangible or intangible—and whether or not "seized"—which are inadmissible if obtained by means of an unconstitutional search or seizure are within the scope of section 1538.5.

■ For these various reasons, we conclude that a defendant may utilize the procedure set out in section 1538.5 of the Penal Code to suppress as evidence not only any tangible physical object, but also any other evidence obtained in violation of the Fourth Amendment, including things which have no physical form or substance.

### III

■ As we have pointed out above, the trial court refused to rule on the merits of the motion. Obviously, there are factual issues, of the nature

---

[4]"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized." (U.S. Const., Amend. IV.)

discussed above under rubric I, which require the trial court to hear such evidence as the parties may desire to offer, and to reach a factual conclusion based on such evidence. Accordingly, we direct such a full evidentiary hearing.

The petition for a writ of prohibition is denied; the alternative writ of mandate is discharged. Let a peremptory writ of mandate issue, directing the respondent court: (1) to vacate its order denying petitioner's motion to suppress evidence; and (2) to hold a full evidentiary hearing, pursuant to such motion.

Kingsley, Acting P. J., and Dunn, J., concurred.