[Crim. No. 24405. Second Dist., Div. Five. May 15, 1974.]

THE PEOPLE, Plaintiff and Respondent, v.
JIM EDWARDS HAMMONDS, Defendant and Appellant.

## COUNSEL

Jim Edwards Hammonds, in pro. per., and Harold S. Vites, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, James H. Kline and Carol Wendelin Pollack, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

KAUS, P. J.—People's motion to dismiss an appeal from a conviction based on a guilty plea to first degree robbery. On February 20, 1973, after defendant, who was represented by counsel, was sentenced to prison, the trial court informed him of his right to appeal. (Cal. Rules of Court, rule 250.) No notice of appeal was filed within the 60-day period provided by rule 31(a). Sometime in July 1973 defendant filed a petition for a writ of error *coram nobis* in the trial court, claiming that the advice concerning his appeal rights had been defective, in that the court had not told him "that he had the right to appeal from his motion to suppress." On July 20, 1973, the trial court made an order to the effect that a notice of appeal dated July 14, 1973, be deemed timely. It was filed on July

20. A record was filed with this court on November 15, 1973. On March 6, 1974, the People moved to dismiss.

■ The record suggests basic problems respecting a superior court's power to permit the filing of a late notice of appeal and the effect of a failure to advise of appeal rights as directed by rule 250. We do not reach them. There is, of course, no appeal from the denial of a motion to suppress. The ruling is simply reviewable on an appeal from the judgment of conviction which follows. (Pen. Code, § 1538.5, subd. (m); *People* v. *James,* 17 Cal.App.3d 463, 465 [95 Cal.Rptr. 121]; *People* v. *Coyle,* 2 Cal.App.3d 60, 63 [83 Cal.Rptr. 924].) We hold that whatever the effect of a failure to comply with rule 250 may be, it was never intended that the trial court must advise a defendant of the rulings which are reviewable on an appeal.

The motion to dismiss the appeal is granted.

Ashby, J., and Loring, J.,* concurred.

The petitions for a rehearing were denied May 28 and June 5, 1974, and appellant's petitions for a hearing by the Supreme Court were denied July 10, 1974.

*Assigned by the Chairman of the Judicial Council.