[Crim. No. 27543. Second Dist., Div. Four. June 21, 1976.]

THE PEOPLE, Plaintiff and Respondent, v.
FRANK MASSEY, JR., Defendant and Appellant.

778

## Counsel

Dennis L. Cava, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Lawrence P. Scherb II, Norman H. Sokolaw, Joyce Luther Kennard and Sandy Kriegler, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**KINGSLEY, Acting P. J.**—Defendant was charged with burglary, in violation of section 459 of the Penal Code. After his motions under sections 995 and 1538.5 of the Penal Code were denied,[1] he pled guilty to burglary in the first degree. He was sentenced to state prison; he has appealed; we affirm the judgment.

I

Defendant was arrested, without a warrant, in his own home, on the basis of information given to the police by several persons. After his arrest, and while in custody, he was given his *Miranda*[2] rights and confessed to the charged burglary. On this appeal, he contends: (1) that the arrest was unlawful because not based on probable cause; and (2) that a confession so obtained may be suppressed by a motion made under section 1538.5 of the Penal Code.

 The theory of the defense is as follows: (1) under subdivision (a) of section 1538.5, the motion provided for by that section may be used "to suppress as evidence any tangible or intangible thing obtained as a result of a search or seizure"; (2) under *People* v. *Ramey* (1976) 16 Cal.3d 263 [127 Cal.Rptr. 629, 545 P.2d 1333], "seizure," as used both in the state and federal Constitutions, includes seizures—i.e., arrests—of

---

[1] The motions under sections 995 and 1538.5 were heard and decided by Judge Arguelles; Judge Beam took the guilty plea and imposed sentence.

[2] *Miranda* v. *Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974].

persons as well as seizures of property.[3] From those premises, defendant argues that a confession obtained as the result of an illegal arrest is suppressible under section 1538.5.

It is settled that physical evidence, secured after and as a result of an illegal arrest, can be suppressed by a motion under section 1538.5, as is suppressible physical evidence secured after and as a result of an entry not complying with section 844 or section 1531 of the Penal Code. However, the California cases are by no means explicit as to the application of those rules to a confession obtained after an illegal arrest or illegal entry.

Clearly, a confession obtained after an illegal arrest is suspect and a trial court must determine whether the arrest so affected the voluntariness of the confession as to render it inadmissible. And it is clear that a confession obtained after an illegal arrest must be held inadmissible if that issue is properly raised under section 402 of the Evidence Code unless the evidence shows that it was not a fruit of the illegality.

In the case at bench, defendant's motion was entitled as one made under section 1538.5. At the hearing, counsel for defendant, after the trial court had indicated some doubt as to the propriety of relying on section 1538.5, stipulated that the motion before the court might be treated as one made under Evidence Code section 402. However, at the close of the hearing, the trial court announced that it treated the motion as made under section 1538.5 "so that it can be consistent with the pleadings."

■ Denial of a section 402 motion can be raised on an appeal from a judgment of guilty entered after a nonguilty plea; but such a denial cannot be raised after a plea of guilty, even though a certificate under section 1237.5 is secured, since the plea of guilty admits all matters essential to a conviction. ■ Consequently, we treat the appeal before us, as did the trial court in the end, as involving the denial of a section 1538.5 motion, a matter admittedly appealable under subdivision (m) of section 1538.5 if that section was properly invoked.

The California authorities cited to us, and those which we have found, give no clear indication of the answer to the issue.

---

[3]Although, as we point out below, the holding in *Ramey* that a warrantless arrest may not be made in a suspect's own home except in exigent circumstances—is not retroactive, that does not destroy the precedential effect of the rationale of *Ramey* that an arrest is a seizure.

In *People* v. *Superior Court (Keithley)* (1975) 13 Cal.3d 406 [118 Cal.Rptr. 617, 530 P.2d 585], physical evidence had been seized after, and as the result of, a violation of *Miranda*; a 1538.5 motion was held to be an appropriate way of attacking the use of that evidence. In *People* v. *Superior Court (Mahle)* (1970) 3 Cal.App.3d 476 [83 Cal.Rptr. 771], a similar factual situation existed with the same result. In *People* v. *Superior Court (Redd)* (1969) 275 Cal.App.2d 49 [79 Cal.Rptr. 704], there was no arrest, but a confession was a result of a violation of *Miranda*; the court held that the confession could not be suppressed by a 1538.5 motion, saying (at p. 52): "It is sufficient for present purposes to hold, as we do, that Penal Code section 1538.5 as enacted is limited solely to questions involving searches and seizures and is inapplicable to the resolution of issues arising from challenged confessions or admissions, except those that constitute the fruit of a search and seizure. There being no contention, nor basis for a contention, that any search and seizure, legal or illegal, was involved in the instant action, the defendants' motion *under section 1538.5* should have been denied in its entirety." (Italics in original.)

In *Kirby* v. *Superior Court* (1970) 8 Cal.App.3d 591 [87 Cal.Rptr. 577], this division of this court permitted the use of a 1538.5 motion to suppress evidence of physical things seen after an unlawful arrest. The case, however, involved a "search" and the opinion deals only with whether things seen, but not actually seized, were the kinds of "intangibles" referred to in section 1538.5. That case advances us one step toward our answer. We conclude that, under the reasoning of *Kirby,* a confession is, also, an "intangible thing" within the meaning of section 1538.5. But *Kirby* does not tell us whether a confession, obtained only after the kind of seizure involved in an arrest may be suppressed.

In *Burrows* v. *Superior Court* (1974) 13 Cal.3d 238, 251 [118 Cal.Rptr. 166, 529 P.2d 590], police officers had made an unlawful search of defendant's office. Faced with incriminating evidence so found, defendant consented to a search of his car, where other evidence was found. The Supreme Court held that the consent, being a fruit of the original unlawful search, was ineffective to validate the search of the car.

In *People* v. *Clark* (1969) 2 Cal.App.3d 510 [82 Cal.Rptr. 682], a confession had followed an illegal arrest and a violation of *Miranda.* The appeal was on a certificate issued under section 1237.5, but the court assumed that the matter had properly been raised in the trial court by a 1538.5 motion. That case, apart from the assumption, is not helpful.

In *People* v. *Coyle* (1969) 2 Cal.App.3d 60 [83 Cal.Rptr. 924], the court held that a 1538.5 motion was a proper way to attack the use by the People of a tape recording of a telephone conversation allegedly unlawfully obtained.

While no case squarely answers the question here before us, we conclude that the use of a 1538.5 motion was proper in the case at bench. Where the evidence sought to be suppressed is physical evidence, seized or seen, the exclusionary rules serve to protect rights granted by the Fourth Amendment and its state counterpart. In order to protect those rights, *Keithley, supra,* 13 Cal.3d, and *Mahle, supra,* 3 Cal.App.3d, invoked the *Miranda* rule, a rule designed to protect rights granted by the Fifth Amendment and its California counterpart.

An illegal arrest is a violation of the same Fourth Amendment rights as is a search or seizure of physical property. The rules excluding confessions exist for the same purpose as does *Miranda*—namely, to protect Fifth Amendment rights. We can see no reason why, if a violation of a Fifth Amendment right may be used to show a violation of Fourth Amendment rights, the converse should not be true. Since there was here a "seizure" and an "intangible" thing, we conclude that a Fourth Amendment violation of defendant's rights should permit him to contest the admissibility of a confession obtained as a result of that violation, in a proceeding falling within the literal language of section 1538.5.

## II

We turn, then, to consider the merits of defendant's appeal.

(a) Defendant argues that his arrest, made without a warrant, in his own home, was unlawful because no exigent circumstances justified the failure to obtain a warrant. The decision in *Ramey, supra,* 16 Cal.3d, establishing that rule for California, was rendered on February 25, 1976; the arrest here took place on December 21, 1974. By its own terms, *Ramey* is not retroactive.

(b) ■ Defendant's principal argument is that the officers did not have probable cause to arrest him. We cannot say that the trial court erred in finding that probable cause existed. The victim had told a neighbor, Allen, that he was leaving on a fishing trip at 6 p.m.; Allen exhibited unusual interest in the exact time of that departure, even

returning to the victim's apartment to verify the time. The victim did not go on the fishing trip, but did leave his apartment at about that time to go shopping. While he was gone, a burglary of his apartment occurred. The victim testified that, as he returned, he saw defendant and Douglas Edwards leaving the vicinity of his apartment and enter their apartment two doors away. A woman, who refused to give her name, told the officers that she had seen defendant and Edwards commit the burglary. A check of police records disclosed a history of burglary arrests for both defendant and Edwards. Allen, defendant and Edwards were known to be friends. We think that the totality of that information could reasonably have been held to give probable cause for the arrest of defendant and Edwards. It follows that defendant's confession was properly admitted in the case at bench.

The judgment is affirmed.

Dunn, J., and Jefferson (Bernard), J., concurred.

A petition for a rehearing was denied July 15, 1976, and the petitions of the appellant and the respondent for a hearing by the Supreme Court were denied October 13, 1976.