[No. A037636. First Dist., Div. One. Jan. 23, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
DANIEL DAVID MORGAN, Defendant and Appellant.

COUNSEL

Fiedler, Gardner & Derham and Robert Fiedler for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Blair W. Hoffman and Christopher W. Grove, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**RACANELLI, P. J.**—Defendant was charged by information, in three counts, with murder, attempted murder and aggravated assault arising out of the senseless shooting of two people in Golden Gate Park. In addition to enhancement allegations, special circumstances were alleged, the prosecution indicating its intention to seek the death penalty. Defendant originally pled not guilty and not guilty by reason of insanity.

Following extended pretrial proceedings, defendant withdrew his former pleas and pled guilty to first degree murder and attempted murder. He also admitted the firearm use and great bodily injury allegations with reference to the attempted murder charge. Thereafter, the remaining allegations were dismissed.

Defendant was sentenced to concurrent terms of 25 years-to-life and 7 years with a consecutive 2-year enhancement for firearm use and a concurrent 3-year enhancement for infliction of great bodily injury. ██ ██ ██ ██ He now appeals claiming his motion to suppress was erroneously denied.[1]

---

[1] At the time of appeal, Penal Code section 1237.5 required a certificate of probable cause for an appeal after a guilty plea. However, California Rules of Court, rule 31(d) permits an appeal without a certificate of probable cause if the appeal is based on grounds "involving a search or seizure, the validity of which was contested pursuant to section 1538.5 of the Penal Code . . . ." (See also Pen. Code, § 1538.5, subd. (m); *People* v. *Kaanehe* (1977) 19 Cal.3d 1, 8 [136 Cal.Rptr. 409, 559 P.2d 1028].)

Rule 31(d) further provides that "the appeal shall not be operative unless the notice of appeal states that it is based upon such grounds." In the present case, defendant's notice of appeal *does* specify a ground, but it is not the ground now asserted on appeal.

As we recently explained in *People* v. *Knauer* (1988) 206 Cal.App.3d 1124 [253 Cal.Rptr. 910], the defective notice of appeal does not bar appellate review. The failure to specify grounds in the notice of appeal is *not* jurisdictional and does not preclude consideration of the merits of the appeal. (*People* v. *Brown* (1985) 166 Cal.App.3d 1166, 1168, fn. 1 [212

## FACTS

On March 6, 1983, Sarah Spiegelman, a young White woman, was shot and killed in Golden Gate Park. Dwion Gates, a young Black man with whom she had been sitting, was shot and seriously wounded.

In the course of their investigation, San Francisco Police Inspectors Erdelatz and Brosch received a telephone call on March 9, 1983, from Sean and Susan Shaffer reporting their suspicion that defendant, Daniel Morgan, was responsible for the shootings.

In an ensuing interview, Sean Shaffer told the police defendant lived near the park, owned a gun and was a racist. He also said defendant resembled the composite sketch of the assailant.

Susan Shaffer informed the police that she worked with defendant's wife, Norma Morgan, and that the day after the shooting, Norma left work suddenly after receiving a call from defendant reporting that their apartment had been burglarized. When Norma returned to work the next day, she told Susan Shaffer that only defendant's gun had been taken, along with Norma's glasses and keys.

Follow-up investigation confirmed that a burglary had been reported at the Morgan residence, 1201 Funston, situated near the park. The police also checked Department of Motor Vehicles records and obtained a physical description of defendant. Because his weight was given as 250-300 pounds, the police concluded defendant was too heavy to match the eyewitnesses' descriptions of the killer.

However, on March 15, 1983, Howard Ebbert walked into the Tehama County Sheriff's office in Red Bluff and reported that he suspected defendant, his stepson, was responsible for the Golden Gate Park shootings. Ebbert told the sheriff's deputy that defendant had been in San Francisco at the time of the shootings, that he owned a .357 Magnum Colt revolver, and that he hated to see Black men and White women together.

The Tehama County Sheriff's office relayed the information to the San Francisco Police. Ten days later, on the morning of March 25, 1983, Inspectors Brosch and Erdelatz spoke directly with Howard Ebbert by phone. Ebbert told them defendant had admitted shooting a man and a woman in Golden Gate Park and that he had buried the gun in the park. Ebbert said

Cal.Rptr. 907]; *People* v. *Engel* (1980) 105 Cal.App.3d 489, 494-495 [164 Cal.Rptr. 454].)
Defendant's motion to file an amended notice of appeal is denied as moot.

that defendant had used a .357 Magnum Colt. The police learned from the criminalist's report that the bullet recovered from Sarah Spiegelman's body was consistent with either a .38 caliber or a .357. Also, the lands and grooves indicated the bullet had been fired from a Colt revolver.

Immediately after conversing with Ebbert, Inspector Brosch met with the district attorney, drafted an affidavit in support of an arrest warrant, and presented the warrant to the magistrate. Meanwhile, Inspector Erdelatz telephoned the Tehama County Sheriff's office and asked them to arrest defendant. Defendant was arrested at 11:56 a.m.

The trial court found that at the time of the arrest, no warrant had yet been issued. Nevertheless, the court found probable cause for the arrest.

## DISCUSSION

■ ■■■■ In his motion to suppress, defendant argued that his arrest was unlawful as it was not based on probable cause.[2] The trial court disagreed. Defendant does not renew that claim on appeal. ■ Instead, defendant reiterates an argument raised and rejected below: namely, that the police improperly relied on information from statements made by Norma Morgan to Susan Shaffer which were shielded under the doctrine of marital privilege. (See generally Evid. Code, § 980.) The argument is specious.

First, the only item of information received from the Shaffers derived from a marital communication was Norma's recounting to Susan Shaffer that defendant said their apartment had been burglarized and that his gun had been stolen. That single piece of information was of little consequence in the totality of circumstances supporting probable cause to arrest. At

---

[2] The special statutory procedures of Penal Code section 1538.5, including the provisions of subdivision (m) allowing an appeal after a guilty plea, apply only when *evidence* has been obtained by a search and seizure. "An illegal arrest, alone, is utterly irrelevant. [Citation.] All that matters is whether the illegal arrest resulted in tainted evidence." (*People* v. *Richards* (1977) 72 Cal.App.3d 510, 514 [140 Cal.Rptr. 158].)

Defendant asserted below that the following items were products of his illegal arrest: his confession to police made after his arrest; identifications of defendant made by the eyewitnesses in a photographic lineup, in a physical lineup, and in court; defendant's consent to a search of his automobile, given after his arrest. (Apparently, the automobile search proved fruitless and thus requires no discussion.) The other two items sought to be suppressed—defendant's confession and identification evidence—were proper subjects for a 1538.5 motion. (Confessions: *People* v. *DeVaughn* (1977) 18 Cal.3d 889, 896-897, fn. 6 [135 Cal.Rptr. 786, 558 P.2d 872]; *People* v. *Massey* (1976) 59 Cal.App.3d 777, 780-782 [130 Cal.Rptr. 581]; see also *People* v. *Richards, supra,* 72 Cal.App.3d at p. 513; identification testimony: see *People* v. *Teresinski* (1982) 30 Cal.3d 822, 832-835 [180 Cal.Rptr. 617, 640 P.2d 753]; but see *United States* v. *Crews* (1980) 445 U.S. 463, 471-474 [63 L.Ed.2d 537, 545-548, 100 S.Ct. 1244].)

most, Norma Morgan's statements concerning the burglary established that defendant owned a gun. But that information was conveyed to the police independently by defendant's stepfather, Howard Ebbert.

Second, even without the statements by Norma Morgan, the police had an ample factual basis to arrest defendant. As noted, defendant's stepfather reported that defendant had admitted the shootings to him. Moreover, Ebbert's description of defendant's gun was consistent with the suspected murder weapon. Sean Shaffer reported that defendant lived near the park and was an avowed racist. The Shaffers also identified the composite sketch of the murder suspect as looking "somewhat like" the defendant. Sean Shaffer further reported that defendant had told him of shooting his boss in an ambush some years before.

Finally, the police were unquestionably entitled to rely on the allegedly privileged information in support of their determination of probable cause to arrest. The rules of evidence applicable at trial do not apply in determining probable cause for arrest. (See generally *Brinegar* v. *United States* (1949) 338 U.S. 160, 173-174 [93 L.Ed. 1879, 1889, 69 S.Ct. 1302]; *State* v. *Farber* (Iowa 1982) 314 N.W.2d 365 [spousal privilege not applicable in determining probable cause]; 1 LaFave, Search and Seizure (2d ed. 1987) § 3.2(d), pp. 579-580.)

The judgment is affirmed.

Holmdahl, J., and Collins, J.,* concurred.

---

* Assigned by the Chairperson of the Judicial Council.