**Emil KLAMERT, Appellant,**

v.

**Hoyt CUPP, Warden, Oregon State Penitentiary, Appellee.**

**No. 26049.**

United States Court of Appeals, Ninth Circuit.

Dec. 28, 1970.

Ross R. Runkel, argued, Salem, Or., for appellant.

James A. Sanderson, argued, Asst. Atty. Gen., Lee Johnson, Atty. Gen., Salem, Or., for appellee.

Before HAMLEY, KOELSCH and WRIGHT, Circuit Judges.

HAMLEY, Circuit Judge:

Emil Klamert, a prisoner of the State of Oregon, appeals from a district court order, entered after an evidentiary hear-

ing, denying his application for a writ of habeas corpus. The conviction has been upheld by the Supreme Court of Oregon, Oregon v. Klamert, 253 Ore. 485, 455 P.2d 607 (1969).

The question presented is whether, either as a matter of law or fact, Klamert's oral confession to a police officer, while under arrest and enroute from one police station to another in a police car, was constitutionally inadmissible because of alleged prior custodial police interrogations which drew no immediate answers, which interrogation was not accompanied by adequate *Miranda* (Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 [1966]) warnings.

■ Klamert was arrested about 1:00 p. m., August 9, 1967, as a result of the shooting of a Portland, Oregon, police officer, Floyd T. Embree. The testimony is in conflict as to whether Klamert was questioned at his home, where the shooting occurred and the arrest was made. In any event Klamert made no statement to the police at his home after the arrest.[1] Shortly after his arrest Klamert was placed in a police car and driven to Portland's East Precinct station. At this time he was given an inadequate *Miranda* warning, but was not questioned during this drive and made no statement.

The testimony is again in conflict as to whether Klamert was questioned at East Precinct station. He made no statement there. He was next placed in a police car and driven to Portland's Central Precinct station. Klamert was not questioned during this ride. However, while en route to Central Precinct station, Klamert orally confessed to police officer Daggett, who was driving, that he shot Officer Embree. This was no more than two hours after his arrest

at 1:00 p. m., and therefore less than two hours after any police questioning.

■ Klamert was intoxicated during this two-hour period, having drunk wine, beer and bourbon for several hours before the shooting. At 4:35 p. m., after the confession had been made, his blood contained .21 percent alcohol. The following morning, he was shaking and, collapsing into unconsciousness, was taken to a hospital. Klamert, however, was able to walk normally and speak coherently during the two-hour period in question. There was medical evidence to indicate that his fainting spell the next morning was not due to drunkenness or delirium tremens. At his trial Klamert testified that he well recalled the events of August 9th. This was in conflict with his evidence at the habeas hearing that alcohol so far possessed him that he did not know what he was doing.

Under *Miranda*, no statements obtained as the result of custodial police interrogation of a defendant may be used against him at trial until the prosecution proves the sufficiency of the warnings of certain constitutional rights and of the waiver of those rights. It is conceded by the state that the *Miranda* warnings given Klamert were inadequate and in such a situation there can be no valid waiver of the *Miranda* rights. Under *Miranda*, however, statements volunteered by a defendant, even though in custody, free from interrogation or other coercion, are still admissible regardless of the absence of warnings of rights. *Miranda*, 384 U.S. at 478, 86 S.Ct. 1602.

■ The habeas court found that Klamert's confession was volunteered in this *Miranda* sense, and, therefore, that its admission did not trespass upon his

---

1. In response to a general on-the-scene inquiry, "Who shot him?" by Officer Teed, the first policeman to arrive, Klamert responded, "I did." This admission was testified to at the trial by both Officer Teed and the defendant. This evidence, a response to an investigatory on-the-scene inquiry, is not subject to *Miranda* rules and is appropriately not challenged in this proceeding. Lowe v. United States, 407 F.2d 1391, 1394 (9th Cir. 1969).

constitutional rights notwithstanding the inadequacy of the *Miranda* warning. It is not quite clear whether the district court found that there had been no interrogation by the police or found that the admissions did not stem from any interrogation that did occur. Neither implicit finding of fact would be clearly erroneous.

■ In addition to challenging the findings discussed above, Klamert argues that such police questioning as he contends occurred, and the giving of the inadequate *Miranda* warning, required the habeas court to rule, as a matter of law, that the confession was not volunteered in the *Miranda* sense. We do not agree. The test is whether the confession was a product of the asserted questioning so that it was tainted by the inadequate warning. This evaluation of the claimed continuing coercive effect of the interrogation is a question of fact, not of law. *See* Camacho v. United States, 407 F.2d 39, 43-44 (9th Cir. 1969).

■ The inadequacy of the *Miranda* warning, considered apart from any police interrogation, could not of itself so taint the volunteered confession as to render it inadmissible. The warning that was given, that "he had the right to remain silent, and that he could consult an attorney," was surely better than no warning. In Miranda v. Arizona, 384 U.S. 436, 478, 86 S.Ct. 1602, 1630 (1966), it was pointed out that there is no requirement that police stop a person who enters a police station and states that he wishes to confess to a crime.

Klamert does not call attention to his intoxication in an effort to show that his confession was not knowingly given of his own free will, but only to support his contention that he did not understand, if he even heard, the inadequate *Miranda* warning. However, if his confession was not a product of the prior interrogation, it is immaterial whether he heard or understood the defective warning.

Affirmed.