Ralph Burt PHILLIPS,
Petitioner-Appellant,

v.

The ATTORNEY GENERAL OF the
STATE OF CALIFORNIA,
Respondent-Appellee.

George Lee MAYER,
Petitioner-Appellant,

v.

The ATTORNEY GENERAL OF the
STATE OF CALIFORNIA,
Respondent-Appellee.

Nos. 78–2023, 78–2024.

United States Court of Appeals,
Ninth Circuit.

April 9, 1979.

Alan R. Baum (argued), Encino, Cal., for petitioners-appellants.

Ramon de la Guardia, Deputy Atty. Gen. (argued), Sacramento, Cal., for respondent-appellee.

Before DUNIWAY and KENNEDY, Circuit Judges, and KING,* District Judge.

SAMUEL P. KING, District Judge:

George Lee Mayer and Ralph Burt Phillips appeal the denial of their petitions for writs of habeas corpus by the United States District Court for the Eastern District of California. Following pleas of *nolo contendere,* appellants were convicted of possession of marijuana with intent to sell by the Superior Court of Kings County. In bringing the instant appeals, appellants argue that the district court erred in holding: (1) that a plea of *nolo contendere* in a state court bars collateral attack on the plea in federal court; and (2) that a full and fair opportunity in state court to litigate a Fifth Amendment claim of *Miranda* violations bars habeas corpus review of a Fourth Amendment challenge to a search allegedly based on an extrajudicial statement made in violation of *Miranda* and appellants' Fifth Amendment right to remain silent.

On May 25, 1974, after landing at the Hanford Airport, which was already closed for the night, appellant George Mayer telephoned the airport's gas concession operator, Mrs. Baldrick, at her mother's home to ask whether she would open the pumps and sell him gas for his airplane. Finding the call from an unidentified caller highly unusual, Mrs. Baldrick refused, but consented to appellant's request to call one of her employees. Concerned about the unusual nature of the call and the safety of her employee, Mrs. Baldrick then contacted the Hanford Police Department and asked them to investigate the matter.

Inspector John Ferdolage, Jr. of the Hanford Police Department then proceeded to the Hanford Airport where he requested identification from Mayer. Maintaining that he was transporting a cargo of empty pallets, Mayer denied Officer Ferdolage's request to view the plane's interior on the ground that it was against company rules. Shortly thereafter, Officer Jerry Long of the Hanford Police arrived at the airport and spoke with Mayer's co-pilot Ralph Phillips, whose story substantially matched that of Mayer.

Both officers stated that they were suspicious because appellants had chosen to land at night at an unattended airport, sought to refuel at an unattended gas concession, and refused to allow the officers to view the plane's interior. Officer Long then discussed the situation by telephone with Albert Fox, an agent with the California Bureau of Narcotic Enforcement, who felt that, in view of information concerning the use of similar planes to smuggle marijuana into California at night through small airports, the officers should view the inside of the plane.

The officers then blockaded the airplane with their cars and asked the appellants to exit the plane. As they exited, Officer Ferdolage was able to see that the plane contained not pallets but red plastic containers and dark packaging stacked up to the plane's ceiling. Officer Long, who also noticed the red objects in the plane, testified he told Mayer:

"They [the Bureau of Narcotics] informed me of a heavy twin that is utilizing unmarked airstrips for refueling and transporting marijuana within the state. Now if you guys will let us check the interior of the plane, and if it's clean, we will pop you loose and you will be on your way."

(Reporter's Transcript, Vol. II at 78.) According to Officer Long, petitioner Mayer immediately stated, "You guys guess pretty good." (Reporter's Transcript, Vol. I at 134–35 and Vol. II at 1.) Appellants were then placed under arrest.

Agent Fox arrived approximately one hour later. He told appellants that they could either avoid delay by consenting to a search, or wait two or three hours while the officers obtained a search warrant, which would involve little difficulty in view of the evidence. Both appellants signed a consent

---

* Honorable Samuel P. King, Chief United States District Judge, District of Hawaii, sitting by designation.

to search the airplane. The officers' subsequent inspection of the plane disclosed approximately 1,000 pounds of marijuana, whereupon appellants were charged with possession and transportation of marijuana with intent to sell.

Following appellants' unsuccessful motion to suppress the evidence seized, appellants pleaded *nolo contendere* to one count of possession of marijuana with intent to sell. In November, 1976, appellants' convictions were affirmed by the Court of Appeal, Fifth District, State of California. The California Supreme Court denied appellants' petition for hearing on January 13, 1977. Appellants contend that they have standing to have these state actions reviewed in federal court and that the district court improperly denied their petitions for writs of habeas corpus.

■ Pursuant to California law, a plea of *nolo contendere* has the same legal effect as a plea of guilty. Cal.Penal Code § 1016 (West 1970). Ordinarily, California law would have barred appellants from subsequently litigating the voluntariness of an extrajudicial statement concerning their guilt on appeal. *People v. DeVaughn,* 18 Cal.3d 889, 896, 135 Cal.Rptr. 786, 558 P.2d 872 (1977). Because appellants' Fifth Amendment claims were linked to the claims that their Fourth Amendment rights had been violated, they were allowed to raise the issue after their guilty pleas. *People v. Massey,* 59 Cal.App.3d 777, 780–82, 130 Cal.Rptr. 581 (1976); Cal.Penal Code § 1538.5(m) (West 1970). Thus, under *Lefkowitz v. Newsome,* 420 U.S. 283, 95 S.Ct. 886, 43 L.Ed.2d 196 (1975), their guilty pleas do not deprive them of standing to raise their claims here.

■ However, appellants were accorded a full and fair opportunity to litigate their Fourth Amendment claims of illegal search and seizure in the California courts; thus, this court is foreclosed from re-examining these findings of the state courts in federal habeas corpus proceedings. *Stone v. Pow-*

*ell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976).[1]

"[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."

*Id.* at 494, 96 S.Ct. at 3052 (footnotes omitted).

Appellants maintain that their entitlement to federal habeas corpus review stems also from the alleged violation of their Fifth Amendment *Miranda* rights. As we have seen, California permitted appellants to obtain review of this claim. Under *Lefkowitz, supra,* it is, therefore, properly before us.

■ Appellants contend that Mayer's extrajudicial statement, "You guys guess pretty good," was made prior to the issuance of *Miranda* warnings and in violation of his Fifth Amendment right to remain silent. This contention is without merit. The California Court of Appeal correctly applied the rule of *People v. Johnson,* 20 Cal.App.3d 168, 97 Cal.Rptr. 332 (1971) to appellants' case: "[A] statement . . . made by a defendant in custody is admissible if it was volunteered upon the defendant's own initiative and was not made in response to interrogation by the police." *Id.* at 175, 97 Cal.Rptr. at 336 (citations omitted). This is the same rule followed by this and other federal courts. *United States v. Hopkins,* 486 F.2d 360, 362 (9th Cir. 1973) ("[*Miranda*] does not preclude the admission of voluntary statements given without any compelling pressures."); *Klamert v. Cupp,* 437 F.2d 1153, 1154 (9th Cir. 1970) ("Under *Miranda,* however, statements volunteered by a defendant, even though in custody, free from interrogation or other coercion, are still admissible regardless of the absence of warnings of rights."); *United States v. Martin,* 511 F.2d 148, 151 (8th Cir. 1975) (Initial statement made by federal agent to defendant was

---

1. The ruling in *Stone v. Powell* has been applied retroactively. *Bracco v. Reed,* 540 F.2d 1019, 1020 (9th Cir. 1976); *Chavez v. Rodriguez,* 540 F.2d 500, 502 (10th Cir. 1976).

not in any sense a question and called for no response; voluntary statements not in response to custodial interrogation are not barred by either the Fifth Amendment or *Miranda*.).

■ After appellants had exited the aircraft, Officer Long stated that he and Officer Ferdolage wished to view the interior of the plane because of reports concerning similar planes used to smuggle marijuana. Nothing in the record indicates that this statement constituted a question, required a response, or otherwise contradicts the state courts' findings that Mayer's statement, "You guys guess pretty good," was voluntarily made. Appellant Mayer's voluntary statement was therefore not obtained in violation of *Miranda* or his Fifth Amendment right to remain silent.

Denial of petitions for writs of habeas corpus is AFFIRMED.