STATE OF HAWAII, Plaintiff-Appellee, *v.* JOE MAILO, Defendant-Appellant

NO. 11269

(CRIMINAL NO. 85-0948)

FEBRUARY 2, 1987

LUM, C.J., NAKAMURA, PADGETT,
HAYASHI, AND WAKATSUKI, JJ.

*Per Curiam.* This is an appeal from the criminal conviction of Defendant-Appellant Joe Mailo. Defendant argues that the lower court's failure to suppress statements made by him during a custodial interrogation violated his right to counsel and his right to remain silent under the fifth and sixth amendments to the federal constitution and article I, sections 10 and 14 of the Hawaii Constitution. For reasons set forth below, we reverse.

Defendant was charged on July 29, 1985 with kidnapping, sodomy in the first degree, and aiding and abetting sodomy in the first degree. On October 23, 1985, he filed a motion to suppress

statements concerning the alleged incidents made to Officer Alvin Nishimura while in police custody on June 28, 1985.

Officer Nishimura was the only witness during the suppression hearing. He testified concerning the Defendant's assertion of his right to have counsel present during the interrogation. Prior to his testimony, the transcript of the taped interrogation was admitted into evidence by stipulation. The relevant portion of the transcript reads:

Q Okay. . . . I am gonna ask you questions about a Sodomy, Kidnapping which occurred on 6-27-85 at 1164 Maunakea Street. Okay, understand?

A Yeah.

Q You don't have to talk now if you don't want to. You don't have to say anything to me or answer any of my questions. Anything you say may be used against you at your trial. You have the right to counsel of your choice or to talk to anyone else you may want to. You also have the right to have an attorney present while I talk to you. You know what an attorney is? Attorney is lawyer. You know what a lawyer is?

A Oh, yeah.

Q Okay? Same thing. If you cannot afford an attorney, the court will appoint one for you. *Do you want an attorney now?*

A *(Inaudible).*

Q *You want a lawyer here while I talk to you?*

A *Yeah.*

Q You want a lawyer now? . . . while I talk to you or don't you want a lawyer?

A Nah, 'as all right.

Q You don't want one?

A Uh.

Q Okay. . . .

On direct examination, the officer stated that he did not recall the response of the Defendant. However, during cross-examination he testified he clearly understood "Yeah" as an affirmative response.

At trial on December 23, 1985, the complaining witness was the only witness for the prosecution. He gave conflicting testimony concerning the events surrounding the day in question. When the

Defendant took the stand, his testimony was thoroughly excoriated by statements made during the interrogation by the police.

The jury found the Defendant guilty on all counts. This appeal followed.

We stress again that once an accused has expressed his desire to deal with police interrogators only through counsel, he cannot be further questioned until counsel has been made available to him, unless the accused initiates further communication, exchanges, or conversations with the police. *Edwards v. Arizona*, 451 U.S. 477, 484-85, 101 S. Ct. 1880, 1884-85, 68 L. Ed. 2d 378, 386 (1981); *State v. Ikaika*, 67 Haw. 563, 566, 698 P.2d 281, 284 (1985); *State v. Brezee*, 66 Haw. 162, 657 P.2d 1044, 1046 (1983).

This principle creates a bright-line rule that once the right to counsel has been invoked all questioning must cease. *Smith v. Illinois*, 469 U.S. 91, 98, 105 S. Ct. 490, 494, 83 L. Ed. 2d 488, 495 (1984) (per curiam). *See also Solem v. Stumes*, 465 U.S. 638, 646, 104 S. Ct. 1338, 1343, 79 L. Ed. 2d 579, 589 (1984).

It is undisputed that Officer Nishimura clearly understood the Defendant's response as affirmative when asked if he desired an attorney. In fact, when asked about each of the other instances in which the Defendant responded with, "Yeah," the officer testified he understood them to be affirmative responses. The questioning should have stopped once the Defendant indicated he wished to have a lawyer present.

We hold the trial court's determination that the Defendant's answer was ambiguous is clearly erroneous. *See State v. Sujohn*, 5 Haw. App. 459, 697 P.2d 1143 (1985).

We further hold the use of the unsuppressed statements was not harmless error beyond a reasonable doubt. *State v. Amorin*, 61 Haw. 356, 604 P.2d 45 (1979); *State v. Napeahi*, 57 Haw. 365, 556 P.2d 569 (1976).

The Defendant's conviction is vacated and the case is remanded for new trial not inconsistent with this opinion.

*Richard Wayne Pollack (Deborah Kim* with him on the briefs), Deputy Public Defenders for Defendant-Appellant.

*Candace Kay Andersen,* Deputy Prosecuting Attorney for Plaintiff-Appellee.